J-A15038-17

2017 PA Super 273

| | | |
|---|---|---|
| THOMAS T. JONES, JR., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| BOARD OF DIRECTORS OF VALOR | : | |
| CREDIT UNION, SEAN JELEN, KARA | : | |
| BADYRKA - CHAIRPERSON, JOE | : | |
| NEMSHICK - VICE-CHAIRPERSON, | : | |
| GEORGE SWEDA - TREASURER, | : | |
| THOMAS CASALE - DIRECTOR, DAVID | : | |
| VALVANO - DIRECTOR, AND JESSICA | : | |
| HICKS, SECRETARY | : | No. 1648 MDA 2016 |

Appeal from the Order entered September 15, 2016
in the Court of Common Pleas of Lackawanna County,
Civil Division, No(s): 2015-5854

BEFORE:  MOULTON, SOLANO and MUSMANNO, JJ.

OPINION BY MUSMANNO, J.:                    **FILED AUGUST 21, 2017**

Thomas T. Jones, Jr. ("Jones"), an individual member of Valor Credit Union ("the Credit Union"),[1] appeals from the Order granting the Preliminary Objections filed by the Board of Directors of the Credit Union (hereinafter the "Board"), and dismissing Jones's Complaint.  We affirm.

The trial court set forth the relevant factual and procedural history underlying this appeal as follows:

> This case initiated [on] October 2, 2015, at which time [Jones] filed a Motion for Allowance of Discovery in Aid of Pleading.  He essentially alleged that[,] according to a press release by the

---

[1] Importantly to this appeal, the Credit Union is a *federal* credit union. Accordingly, it is subject to the federal regulations set forth in the Federal Credit Union Act ("FCUA"), 12 U.S.C.A. § 1751 *et seq*.  The FCUA is administered by the National Credit Union Administration ("NCUA").

Federal Bureau of Investigation ("FBI"), [the] former president of the Board …, Sean Jelen [("Jelen")], had been engaged in improper financial activity []in his capacity as president of the [B]oard during the tenure of the other named [B]oard members. [Jones], however, could not ascertain the nature and extent of the improper financial activity without the aid of certain documents requested. Specifically, [Jones] requested books and records for inspection, but was denied access by the [B]oard's counsel in [a] letter dated September 17, 2015. [Jones] concurrently filed a Request for Production of documents seeking: 1) books and records of [the] Credit Union detailing any and all expenditures made by [] Jelen since January 2012; 2) audits and recommendations made since January 2012; 3) documents memorializing any Board activity regarding [] Jelen from the date of his hiring to present; 4) [the] Credit Union's Best Practices regarding corporate disbursements and the use of funds by officers and directors; and 5) Errors and Omissions policies of coverage for the [B]oard. By Order dated November 13, 2015, th[e trial c]ourt denied [Jones's] Motion.

On March 21, 2016, [Jones] filed his Complaint against the Board []. He allege[d] improper financial activity on the part of … Jelen …. He further assert[ed] that the [B]oard is liable for [its] failure to fulfill fiduciary obligations in connection with Jelen's inappropriate conduct. He contend[ed] that the Board's action and/or inaction has resulted in [the Credit Union] suffering irreparable harm due to the diversion of its assets.

* * *

[Jones] alleged that he is and has been a member of [the] Credit Union since 2005, … and that his suit "is a derivative action on behalf of the Depository and Loan members of [the Credit Union] arising from the mismanagement, nonfeasance, misfeasance, and potential criminal activities of the [] Board [] and … Jelen[.]" ([] Complaint, [3/21/16, ¶] 12). [Jones] essentially alleges that [the] Credit Union and its members collectively have suffered injury as a result of [the Board's] actions and/or inaction.

[The Board] filed Preliminary Objections to [the] Complaint on April 8, 2016. Among the several objections raised, [the Board] contend[s] that [Jones] lacks standing or capacity to sue pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(5) [(regarding preliminary objections for lack of capacity to sue)]. ([]

Preliminary Objections, [4/8/16, ¶] 17). [The Board] aver[s] that "[Jones] does not allege that any money was removed from his account(s) or that he has suffered any direct financial harm to his interest." ([*Id.* ¶] 18). Moreover, [the Board] posits that[,] as a member of a federal credit union, [Jones] is a depositor in a financial institution, not a shareholder in a corporation capable of bringing a derivative action on behalf of a corporation.

Trial Court Memorandum and Order, 9/15/16, at 1-3.

In June 2016, Jones filed an Answer to the Preliminary Objections and a brief in opposition thereto. The trial court conducted a hearing on the matter on June 24, 2016. Following a procedural history that is not relevant to this appeal, on September 15, 2016, the trial court granted the Board's Preliminary Objections and dismissed Jones's Complaint. In so ruling, the court stated in its Memorandum and Order, in relevant part, as follows:

In his Complaint, [Jones] does not allege any injury suffered personally. As such, it is clear that [] Jones, individually, lacks standing to bring suit against [the Board]. However, [Jones], a member of [the] Credit Union, unambiguously seeks to bring suit on behalf of [the] Credit Union, alleging that it has suffered irreparable harm as a result of [Jelen's] actions and [the] Board['s] inaction. He styles his cause of action as a derivative suit[,] as a corporation's shareholder would file an action on behalf of a respective corporate entity.

Th[e trial c]ourt is unaware of any statutory or common law authority that would confer standing upon [Jones] to sue on behalf of [the] Credit Union, and [Jones] fails to present any. This [c]ourt recognizes that[,] as a [f]ederal [c]redit [u]nion, [the Credit Union] is subject to the federal regulations set forth within the [FCUA], which does not provide any basis for a member to have standing or capacity to bring a derivative action[, as Jones], who does not and cannot allege injury, now attempts. As such, [Jones's] Complaint must be dismissed.

*Id.* at 4.

Jones timely filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal. The trial court thereafter issued a Pa.R.A.P. 1925(a) Order in lieu of Opinion, relying on the above-mentioned rationale advanced in its Memorandum and Order.

Jones now presents the following issue for our review: "Did the Court of Common Pleas err in dismissing [Jones's] Complaint and holding that [he] did not have standing to bring suit?" Brief for Appellant at 4.

Our standard of review in an appeal from an order sustaining preliminary objections is as follows:

> In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

***Morrison Informatics, Inc. v. Members 1st Fed. Credit Union***, 97 A.3d 1233, 1237 (Pa. Super. 2014) (citation omitted).

> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

***Hill v. Slippery Rock Univ.***, 138 A.3d 673, 677 (Pa. Super. 2016) (citation

omitted).

The Pennsylvania Supreme Court has stated as follows concerning

standing:

> Prior to judicial resolution of a dispute, an individual must[,] as a threshold matter[,] show that he has standing to bring the action. The traditional concept of standing focuses on the idea that a person who is not adversely impacted by the matter he seeks to challenge does not have standing to proceed with the court system's dispute resolution process. … Stated another way, a controversy is worthy of judicial review only if the individual initiating the legal action has been "aggrieved." This principle is based upon the practical reason that unless one has a legally sufficient interest in a matter, that is, is "aggrieved," the courts cannot be assured that there is a legitimate controversy. With respect to this requirement of being aggrieved, an individual can demonstrate that he is aggrieved if he can establish that he has a substantial, direct, and immediate interest in the outcome of the litigation in order to be deemed to have standing. … The keystone to standing in these terms is that the person must be negatively impacted in some real and direct fashion. If the individual is not adversely affected in any way by the matter he seeks to challenge, he is not "aggrieved" thereby[,] and has no standing to obtain a judicial resolution of his challenge.

***Pittsburgh Palisades Park, LLC v. Commonwealth***, 888 A.2d 655, 659-60

(Pa. 2005) (internal citations, quotation marks, brackets and paragraph

breaks omitted).

Jones argues that the trial court committed legal error in determining

that he, a member of the Credit Union, lacked standing to bring a derivative

suit,[2] on behalf of the Credit Union, against the Board.[3] Brief for Appellant at 11. Jones initially points out that (1) Pennsylvania specifically recognizes the right of a corporate shareholder to bring a derivative action on behalf of the corporation, *see* Pa.R.C.P. 1506 (governing derivative actions); and (2) the Pennsylvania Credit Union Code[4] ("the Code") recognizes the capacity of a credit union "[t]o maintain and defend judicial proceedings in its corporate name." 17 Pa.C.S.A. § 501(a)(2); *see also* Brief for Appellant at 10, 12. According to Jones, "the relationship between a credit union and its member/depositor is similar[,] if not identical[,] to that between a shareholder and a corporation." *Id.* at 13; *see also id.* (citing *Pa. Bankers Ass'n v. Pa. Dep't of Banking*, 893 A.2d 864, 871 (Pa. Cmwlth. 2006) (stating that "[u]nlike banks, which are for-profit corporations owned by stockholders, credit unions are owned by depositors. Technically, a depositor does not deposit funds into a credit union[,] but purchases shares in the corporation.") (internal citations omitted), *rev'd on other grounds*, 956 A.2d 956 (Pa. 2008)).

---

[2] As was the situation before the trial court, Jones makes no claim on appeal that any of his accounts at the Credit Union were harmed or diminished as a result of the Board's actions/omissions. *See*, *e.g.*, Brief for Appellant at 10 (stating that "[Jones] seeks no damages for himself."). Accordingly, as he has not been personally aggrieved, he lacks standing to sue the Board in his individual capacity. *See Pittsburgh Palisades Park*, *supra*.

[3] Jones maintains that this issue is one of first impression in Pennsylvania. Brief for Appellant at 12.

[4] *See* 17 Pa.C.S.A. §§ 101-1504.

Jones further directs our attention to a proposed rule change issued by the NCUA concerning national federal credit union bylaws (hereinafter "the NCUA Rule Change"). The NCUA Rule Change states, in relevant part, that "NCUA's long standing view is [that] the bylaws, among other effects, function as a contract between a credit union and its members. While NCUA provides guidance and interpretations of the bylaws, generally[,] *state corporate law* … determines disputes regarding the enforcement of bylaw provisions." Brief for Appellant at 14 (quoting 70 Fed. Reg. 40930 (July 15, 2005)) (emphasis added by Jones). According to Jones, the NCUA Rule Change lends additional support to a determination that credit union members should have standing in state court to bring a derivative action on behalf of a federal credit union. Brief for Appellant at 14.

After reviewing the relevant law, we conclude that the trial court properly determined that Jones lacks standing to bring a derivative action on behalf of the federal Credit Union. The trial court is correct in stating that the FCUA does not expressly confer standing upon a member of a federal credit union to bring a derivative action on behalf of a credit union.[5] **See** Trial Court Memorandum and Order, **supra**.

We next address whether the Code authorizes Jones to bring a derivative action on behalf of the Credit Union. Section 715(a) of the Code

---

[5] Moreover, the NCUA Rule Change is not precedential authority for this Court. In any event, it is irrelevant to this case, as it concerns enforceability of credit union bylaws, not standing to bring a derivative action.

governs "[a]ctions by members to enforce a secondary right," and provides as follows:

> In any action brought to enforce a secondary right on the part of one or more members against any officer or director or former officer or director of a credit union because the corporation refuses to enforce rights which may properly be asserted by it, the plaintiff or plaintiffs must aver[,] and it must be made to appear that[,] the plaintiff or each plaintiff was a member of the corporation at the time of the transaction of which he complains or that his membership devolved upon him by operation of law from a person who was a member at that time.

17 Pa.C.S.A. § 715(a).[6]  Even if Jones had invoked this provision, it nevertheless does not provide him standing to sustain his derivative action. Because the Credit Union is a **federal** credit union, the provisions of the Code, including section 715(a), are inapplicable to this case.

Moreover, we determine that Jones's reliance upon Pa.R.C.P. 1506 is unavailing.  Rule 1506 requires proof that the plaintiff sought to secure enforcement of rights by the defendant and that the defendant refused or failed to respond.  *See* Pa.R.C.P. 1506(a)(2); *see also Cuker v. Mikalauskas*, 692 A.2d 1042, 1048-49 (Pa. 1997); *Fitzpatrick v. Shay*, 461 A.2d 243, 246 (Pa. Super. 1983).  There is no allegation that Jones made any effort to comply with this provision, and at oral argument, he conceded that he made no such effort.

Based on the foregoing, we conclude that the trial court properly granted the Board's Preliminary Objections and dismissed Jones's Complaint,

---

[6] Notably, Jones did not cite to this provision in his appellate brief or in the trial court.

as he lacked standing to bring a derivative action on behalf of the federal

Credit Union.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2017