J-S71031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| RONNIE CREAZZO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALYSSA A. LOPIANO-REILLY, LOPIANO-REILLY LAW OFFICES, AND VERONICA M. CREAZZO, | |
| Appellees | No. 1003 EDA 2017 |

Appeal from the Order Entered February 28, 2017
in the Court of Common Pleas of Northampton County
Civil Division at No.: C-48-CV-2016-04524

BEFORE:  PANELLA, J., STABILE, J., and PLATT, J.*

MEMORANDUM BY PLATT, J.:                    **FILED JANUARY 11, 2018**

Appellant, Ronnie Creazzo, appeals *pro se* from the trial court's order sustaining the preliminary objections of Appellees, Alyssa A. Lopiano-Reilly, Lopiano-Reilly Law Offices, and Veronica M. Creazzo, and dismissing his complaint with prejudice.  We affirm.

We take the following facts and procedural background from the trial court's May 10, 2017 opinion and our independent review of the certified record.

> By way of background, Appellant . . . is an attorney practicing in Northampton County.  He is married to [Appellee] Creazzo.

---

* Retired Senior Judge assigned to the Superior Court.

On June 2, 2015, Appellant and [Appellee] Creazzo separated after some type of marital discord. [Appellee] Creazzo hired [Appellee] Lopiano-Reilly to represent her in the divorce action. Immediately upon filing the complaint, [Appellee] Lopiano-Reilly brought a petition for special relief seeking to preserve the marital estate by pursuing a freeze order on the marital assets and also seeking to require Appellant to disgorge marital assets that he allegedly converted from the marital estate into his own name.

The petition for special relief was heard before the Honorable Michael J. Koury on June 16, 2016. At that time, argument was made by counsel and eventually Judge Koury granted the bulk of the relief sought by [Appellee] Creazzo including requiring Appellant to replenish monies taken from the marital estate and directing the parties to preserve all property, real and personal, which may be subject to equitable distribution.

Appellant claims that both his wife and her attorney defamed and slandered him in both the written pleadings and in oral argument before Judge Koury. Specifically, the petition for special relief alleged that [] Appellant closed out two (2) checking accounts held in the marital estate totaling $82,126.42 and transferred that money into financial instruments control[led] solely by Appellant. In addition, the petition for special relief alleged that [] Appellant spent or transferred over $10,000.00 from equity lines of credit encumbering the marital residence. Additionally, the petition alleged that given [] Appellant's emotional state, [Appellee] Creazzo was concerned that [he] might damage or destroy marital property, including the parties' real estate.

Even though [] Appellant agreed to the entry of an order directing him to replenish the marital funds and to a freeze order protecting the marital estate, [on August 23, 2016,] he [] filed a slander, libel,] and defamation complaint alleging that [Appellee] Creazzo and her attorney[, Appellee Lopiano-Reilly,] defamed him in the pleadings and during argument in open court. . . .

(Trial Court Opinion, 5/10/17, at 1-2) (unnecessary capitalization omitted).

On September 19, 2016, Appellees filed preliminary objections to Appellant's complaint, on the bases that Appellant's claims were legally insufficient and, in any event, Appellees were protected by absolute judicial privilege. On November 17, 2016, Appellant filed preliminary objections to Appellees' preliminary objections. The court heard argument on February 21, 2017. On February 28, 2017, it granted Appellees' preliminary objections and dismissed Appellant's complaint as legally insufficient based on judicial privilege. Appellant timely appealed.[1]

Appellant raises three questions for this Court's review.

1.    Did the trial court err in granting [Appellees'] preliminary objections based on an absolute judicial privilege, where privilege is an affirmative defense which must be presented as new matter under Pa. R.C.P. 1030?

2.    Did the trial court err in applying an absolute judicial privilege to the defamatory statements [Appellees] made at the hearing on the petition for special relief where such statements were not relevant or material to the proceedings or to the relief requested?

3.    Did the trial court err in holding [Appellees] not liable of defamation *per se* by falsely stating [Appellant] was guilty of assault, theft, or destruction of property and thereby imputing to him criminal offenses, punishable by imprisonment, or conduct incompatible with his profession as an attorney at law?

(Appellant's Brief, at 5-6) (unnecessary capitalization omitted).[2]

---

[1] Pursuant to the court's order, Appellant filed a timely statement of errors complained of on appeal on April 17, 2017. The court filed an opinion on May 10, 2017. ***See*** Pa.R.A.P. 1925.

[2] We have re-numbered the issues for ease of disposition.

Appellant's issues challenge the trial court's order sustaining Appellee's preliminary objections. Our standard of review of this matter is well-settled:

> In reviewing a trial court's grant of preliminary objections, the standard of review is *de novo* and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.
>
> In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

***Jones v. Board of Directors of Valor Credit Union***, 169 A.3d 632, 635 (Pa. Super. 2017) (citations omitted).

In Appellant's first two issues, he argues that the trial court erred in sustaining the preliminary objections raising absolute judicial privilege because Appellees should have raised this defense in new matter, and the statements were not subject to the privilege. (**See** Appellant's Brief, at 18-27). These issues lack merit.

Pennsylvania Rule of Civil Procedure 1030 provides, in pertinent part, that "all affirmative defenses including but not limited to the defense[] of . . . privilege . . . shall be pleaded in a responsive pleading under the heading 'New

Matter'. . . ." Pa.R.C.P. 1030(a). However, although "the defense of **qualified** privilege must be raised by new matter and not by preliminary objection[,]" "**absolute** privileges may be raised at the preliminary objection stage." *Wecht v. PG Pub. Co.*, 510 A.2d 769, 771 (Pa. Super. 1986), *appeal denied*, 522 A.2d 559 (Pa. 1987) (citations omitted; emphases added). A judicial privilege is an absolute privilege:

> Pursuant to the judicial privilege, a person is entitled to absolute immunity for communications which are issued in the regular course of judicial proceedings and which are pertinent and material to the redress or relief sought. This privilege is based on the public policy which permits all suiters, however bold and wicked, however virtuous and timid, to secure access to the courts of justice to present whatever claims, true or false, real or fictitious, they seek to adjudicate. . . . [T]o assure that such claims are justly resolved, it is essential that pertinent issues be aired in a manner that is unfettered by the threat of libel or slander suits being filed. Notably, this privilege is extended not only to parties so that they are not deterred from using the courts, but also to . . . counsel to enable him to best represent his client's interests.

*Bochetto v. Gibson*, 860 A.2d 67, 71 (Pa. 2004) (citations, quotation marks, footnote and emphases omitted).

Here, after our independent review, we are satisfied that it is apparent from the face of Appellant's complaint that the trial court properly found absolute judicial privilege applied to bar his suit. Appellant claimed that Appellee Creazzo's petition for special relief was libelous because it maintained, in pertinent part, that he "engaged in a physical confrontation with [Appellee Creazzo's] extended family members[."] (Complaint, 8/23/15, at 3 ¶ 11; *see id.* at 5 ¶ 21) (pagination provided). The complaint also

maintained that, during the hearing on the petition, Appellee Creazzo "blared out in a boisterous and vociferous voice[]" that Appellant "stole over $93,000.00 from a joint bank account" and that he "would engage in destruction of the marital residence or the 'real estate[.']" (**Id.** at 8 ¶ 32, 10-11 ¶ 42, 12 ¶ 47) (pagination provided). Each of these allegations was pertinent to the issue before the court: whether Appellant's behavior warranted the imposition of a freeze order in an effort to preserve the marital estate, pending the resolution of the divorce matter.

Therefore, Appellees properly raised, and the trial court properly found, based on the allegations of the complaint, that absolute judicial privilege rendered Appellant unable to obtain relief on his defamation action as a matter of law. **See Bochetto**, **supra** at 71. Hence, the court properly sustained Appellees' preliminary objections and dismissed Appellant's complaint with prejudice.[3] **See Jones**, **supra** at 635. Appellant's first and second issues lack merit.

Order affirmed.

---

[3] Because of our disposition, we need not reach Appellant's third issue, *i.e.*, whether the statements complained of were capable of defamatory meaning. However, after our independent review, we note our agreement with the trial court's observation that "the alleged offensive statements are the fodder typically found in contentious divorce matters. We are hard pressed to categorize the offensive statements as defamatory." (Trial Ct. Order, at 1); (**see also** Trial Ct. Op., at 4 ("[N]one of the statements alleged in the [c]omplaint constitute defamation *per se*[.]").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:1/11/18