J-A03025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AHMED ISMAIL AND LISA BURROW, HUSBAND AND WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : : | |
| | : | No. 1231 EDA 2017 |
| VOLVO GROUP NORTH AMERICA, LLC AND NUSS TRUCK GROUP INC. | : : | |

Appeal from the Order Entered March 30, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  161004541

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MARCH 02, 2018**

In this appeal, Ahmed Ismail and Lisa Burrow (Appellants) appeal from an Order sustaining Preliminary Objections to the exercise of personal jurisdiction over Appellee Volvo Group North America, LLC (Volvo LLC). We affirm.

The trial court aptly summarized the factual and procedural history of this case in its Pennsylvania Rule of Appellate Procedure 1925(a) Opinion. *See* Trial Court Opinion, filed Oct. 10, 2017 (1925(a) Op.), at 1-3. Appellants raise one issue in this appeal: "Whether the trial court erred in finding it lacked personal jurisdiction over the Defendant, Volvo, even though Volvo is a sole member LLC and its sole member is a citizen of Pennsylvania[.]" Appellants' Brief at 9. They argue that because Volvo LLC's sole member, Mack Trucks, Inc., is a Pennsylvania corporation, Volvo LLC is

_____
*   Retired Senior Judge assigned to the Superior Court.

essentially at home in Pennsylvania such that general personal jurisdiction is proper here. **See** Appellants' Brief at 5.

The trial court rejected Appellants' argument. It first reviewed constitutional limitations on the exercise of personal jurisdiction and the presumption against piercing the corporate veil. **See** 1925(a) Op. at 3-4. It then explained that in order for a limited liability company (LLC) to be subject to personal jurisdiction based on its members' contacts with the forum, a plaintiff would have to present sufficient evidence to merit disregarding the corporate form and treating the LLC and its members as one. **Id.** at 5-6. Because Appellants had not produced any such evidence, and had instead relied on the mere fact that Mack Trucks, Inc. is a citizen of Pennsylvania to argue that general personal jurisdiction over Volvo LLC was proper, the trial court sustained Volvo LLC's Preliminary Objections and dismissed Appellants' claims against Volvo LLC. **Id.** at 6.

Our standard of review on appeal from an order sustaining preliminary objections is *de novo* and our scope of review is plenary. **Jones v. Bd. of Dirs. of Valor Credit Union**, 169 A.3d 632, 635 (Pa.Super. 2017). We will affirm an order sustaining preliminary objections that results in the denial of a claim or a dismissal of a suit only if the case is free and clear of doubt. **Id.**

After review of the record, the parties' briefs, and the relevant law, we affirm on the basis of the well-reasoned opinion of the Honorable Ellen H. Ceisler, which we adopt and incorporate herein. **See** 1925(a) Op. at 3-6.

Order affirmed.

- 2 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/18

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| AHMED ISMAIL, et al. | : | SUPERIOR COURT |
|     Plaintiffs-Appellants | : | 1231 EDA 2017 |
| | : | |
|     v. | : | COMMON PLEAS |
| | : | 16104541 |
| VOLVO GROUP NORTH AMERICA, | : | |
| INC. | : | |
|     Defendant-Appellee | : | |

**OPINION**

ELLEN CEISLER, J.                                    DATE: October 10, 2017

## I.   FACTS AND PROCEDURAL HISTORY

This appeal, filed by Plaintiffs-Appellants Ahmed Ismail and Lisa Burrow ("Mr. Ismail" and "Ms. Burrow," individually, and "Appellants," collectively), stems from this Court's March 29, 2017 order sustaining Defendant-Appellee Volvo Group North America, LLC's ("Volvo") preliminary objections, thereby determining that this Court could not exercise personal jurisdiction over Volvo and dismissing all of Appellants' claims against that entity. As will be fully discussed *infra*, Appellants are not entitled to appellate relief; therefore, this Court respectfully requests that their appeal be denied.

The relevant facts are as follows: Mr. Ismail, an independent contractor who worked as a tractor-trailer driver, leased a 2016 Volvo VN780 "truck-tractor" at some point from non-party Anderson Trucking Services, Inc. Amended Complaint at 4. This vehicle make and model was, according to Appellants, subject to an "Urgent Volvo Safety Recall" of an unspecified nature. Id.[1] On February 22, 2016, Mr. Ismail was driving this truck-tractor near Corpus Christi, Texas,

---

[1] Appellants did not articulate in their Amended Complaint the reason or reasons for this recall, nor did they explain what the relationship was between the recall and the harm they allegedly suffered.

when [the vehicle's] steer axle became dislodged from the suspension mounting interface on the left side. This caused the steer axle to move rearward, forcing the truck to turn left, and rendering it incapable of being controlled... [The vehicle careened] across two eastbound travel lanes, through a grass median, became airborne, landed and passed through two westbound travel lanes before striking a power pole and coming to rest in a farm field.

Id.

On November 2, 2016, Mr. Ismail and his wife, Ms. Burrow, filed suit against Volvo and Nuss Truck and Equipment ("Nuss"),[2] docketing a substantially similar Amended Complaint on January 18, 2017. Therein, Mr. Ismail maintained that he had suffered a traumatic brain injury as a result of the accident, the effects of which have prevented him from working ever since, stating negligence and strict liability claims against Volvo, and a negligence claim against Nuss; in addition, Ms. Burrow articulated loss of consortium claims against both Volvo and Nuss. Id.

On March 1, 2017, both Volvo and Nuss filed respective sets of preliminary objections, in which each party argued that this Court could not exert personal jurisdiction over them in this matter, and that Appellants' Amended Complaint should thus be dismissed. *See* Nuss' Preliminary Objections at 7-15; Volvo's Preliminary Objections at 7-16. While Appellants did not respond to Nuss' preliminary objections, they did reply in opposition to Volvo's preliminary objections on March 20, 2017, arguing therein that general personal jurisdiction existed regarding Volvo because Mack Trucking, Inc., the sole member of that LLC, was "a corporation whose principal place of business is in Pennsylvania." Appellants' Brief in Support of Response to Volvo's Preliminary Objections ("Appellants' Brief") at 4-5. This prompted Volvo to submit a sur-reply on March 24, 2017.

On March 30, 2017, after thorough consideration of the case record, the parties' respective briefs, and the relevant case law, this Court sustained Volvo's preliminary objections and

---

[2] Appellants asserted that "Nuss was responsible for pre-delivery service of the truck-tractor." Amended Complaint at 4.

dismissed all of Appellants' claims against them. Ceisler Order, 3/29/17 at 1.[3] In response, Appellants appealed this Court's decision to the Superior Court of Pennsylvania on April 5, 2017.

## II. DISCUSSION

This Court respectfully requests that the instant appeal be denied for the following reason:

1. This Court could not exert personal jurisdiction over Volvo in this matter, as that entity does not have "continuous and systematic" contacts with this Commonwealth, and Appellants failed to establish that it would be proper to find that such jurisdiction existed solely on the basis of the Pennsylvania contacts of Mack Trucking, Inc., Volvo's sole member.

As noted above, the question before this Court was whether, by virtue of Mack Trucking, Inc.'s connections with the Commonwealth of Pennsylvania, Volvo was subject to general personal jurisdiction in this matter. "When preliminary objections, if sustained, would result in the dismissal of an action, such objections should be sustained only in cases which are clear and free from doubt... Moreover, when deciding a motion to dismiss for lack of personal jurisdiction the court must consider the evidence in the light most favorable to the non-moving party." Nutrition Mgmt. Servs. Co. v. Hinchcliff, 926 A.2d 531, 535 (Pa. Super. Ct. 2007) (*quoting* King v. Detroit Tool Co., 682 A.2d 313, 314 (Pa. Super. Ct. 1996)).

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S.Ct. 2846, 2851 (2011) (*citing* International Shoe Co. v. Washington, 66 S.Ct. 154, 158-59 (1945)).[4]

With respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction. Those affiliations have the virtue of being

---

[3] The Honorable Denis Cohen sustained Nuss' unopposed preliminary objections via an order docketed on March 30, 2017. Cohen Order, 3/29/17 at 1.

[4] "The Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the authority of a state to exercise *in personam* jurisdiction over non-resident defendants." Mendel v. Williams, 53 A.3d 810, 817 (Pa. Super. Ct. 2012) (*citing* Burger King Corp. v. Rudzewicz, 105 S.Ct. 2174, 2181-82 (1985)).

3

unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014) (citations and some punctuation omitted). This is not to say that these two types of locations are the *only* places where a corporation may be subject to general personal jurisdiction; however, the United States Supreme Court has emphasized the continued vitality of the "at home" rubric, thereby establishing an extremely high bar for a plaintiff who claims that general personal jurisdiction exists in a state that is neither the corporate defendant's place of incorporation, nor its principal place of business. *See* id. at 760-61 (finding a corporation could be haled into court anywhere it regularly did a significant amount of business would be an "unacceptably grasping" interpretation of the concept of general jurisdiction). These rules extend beyond suits against corporate entities, and are also applicable to cases involving limited liability companies. *See* Finn v. Great Plains Lending, LLC, No. CV 15-4658, 2016 WL 705242, at *3 n.3 (E.D. Pa. Feb. 23, 2016).[5]

Of similar import is the "strong presumption in Pennsylvania against piercing the corporate veil... [as well as] the general rule is that a corporation shall be regarded as an independent entity even if its stock is owned entirely by one person," Lumax Indus., Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995) (*citing* College Watercolor Group, Inc. v. William H. Newbauer, Inc., 360 A.2d 200, 207 (Pa. 1976) and Wedner v. Unemployment Bd., 296 A.2d 792, 794 (Pa. 1972)). These precepts are applicable to limited liability companies as well. *See* Missett v. Hub Int'l Pennsylvania, LLC, 6 A.3d 530, 537 (Pa. Super. Ct. 2010) ("A 'membership interest' is an ownership interest in a limited liability company and is akin to an interest in stock of a corporation."); Advanced Tel. Sys., Inc. v. Com-Net Prof'l Mobile Radio, LLC, 846 A.2d 1264, 1277-78 (Pa. Super. Ct. 2004) (discussing veil-piercing in the context of limited liability

---

[5] "Although the language of Daimler speaks only in terms of corporations, the subsidiary at issue in Daimler was Mercedes-Benz USA, LLC ("MBUSA"). *See* Daimler, 134 S. Ct. at 751. In determining whether the United States District Court for the Northern District of California could exercise general jurisdiction over Daimler-Chrysler Aktiengesellschaft ("Daimler"), the Supreme Court concluded that the district court could not exercise general jurisdiction over Daimler because 'neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there.' Id. at 761-62. Even though MBUSA is an LLC, the Court looked to MBUSA's place of incorporation and principal place of business to determine whether it was essentially at home in California and thus subject to general jurisdiction in the State."

4

companies); 6 Del.C. § 18–701 ("A limited liability company interest is personal property.").[6] Consequently, in order to solve the jurisdictional question regarding a limited liability company, a litigant cannot simply rely on the fact that the LLC's member is subject to general personal jurisdiction in a particular state, as the LLC's form "will be disregarded only when the entity is used to defeat public convenience, justify wrong, protect fraud or defend crime." Sams v. Redevelopment Auth. of City of New Kensington, 244 A.2d 779, 781 (Pa. 1968) (citations omitted);[7] cf. Com. ex rel. Pappert v. TAP Pharm. Prod., Inc., 868 A.2d 624, 632 (Pa. Cmwlth. Ct. 2005) (personal jurisdiction could not be exerted over parent company based upon subsidiary's contacts with Pennsylvania via alter ego theory or veil piercing).

Here, it is undisputed that "Volvo is a limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business in Greensboro, North Carolina," whose "sole member is Mack Truck Inc., a Pennsylvania corporation." Volvo's Preliminary Objections at 3; Amended Complaint at 3; see Appellants' Brief at 2-3. Appellants claim that, because of the nature of Mack Truck, Inc.'s relationships with both this Commonwealth and with Volvo, its "principal place of business" should essentially be imputed to Volvo, and that Volvo should thus be deemed "a citizen of Pennsylvania." Appellants' Brief at 4-5. According to Appellants, this means that Volvo would be subject to general personal jurisdiction in this State, and that Volvo's Preliminary Objections should have been overruled. Id.[8]

---

[6] As discussed infra, Volvo is an LLC established under Delaware state law. Of note is Pennsylvania's even more explicit statutory declarations about the separate natures of an LLC and its members. See 15 Pa. C.S. § 8818 ("A limited liability company is an entity distinct from its member or members."); id. at § 8831 ("(a) No agency power of member as member.--A member is not an agent of a limited liability company solely by reason of being a member.").

[7] "[T]he factors to be considered in disregarding the corporate form [are] as follows: [U]ndercapitalization, failure to adhere to corporate formalities, substantial intermingling of corporate and personal affairs and use of the corporate form to perpetrate a fraud." Lumax, 669 A.2d at 895 (citation omitted).

[8] Confusingly, Appellants spent a significant portion of their fairly short Brief discussing LLC citizenship in the context of diversity jurisdiction, which is an issue of federal law that is completely inapplicable to this dispute. See Appellants' Brief at 4-5; 28 U.S.C. § 1332 ("Diversity of citizenship; amount in controversy; costs... (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.").

However, Appellants' argument completely disregards all of the aforementioned case and statutory law, as well as the facts of this matter. While this Court can envision extremely rare circumstances where there is some sort of abuse of the LLC form, thereby collapsing the legal distinctions between a given limited liability company and its members, *and* the combined entity is essentially "at home" in Pennsylvania, a litigant cannot simply rest his *whole jurisdictional argument* regarding an LLC on its member or members' contacts with this Commonwealth. *See* Daimler, 134 S. Ct. at 760.[9] Absent grounds for piercing the corporate veil, or applying an alter ego theory, a litigant must establish that *the LLC itself* is subject to general jurisdiction, by virtue of *the LLC's* Pennsylvania activities, rather than those of its members. Thus, given that Appellants based their entire line of jurisdictional reasoning on the conclusory presumption that Mack Truck, Inc.'s connections with Pennsylvania were chargeable to Volvo through, in essence, some form of the transitive property, there was no basis for finding that general jurisdiction could be asserted over Volvo. Consequently, this Court properly chose to sustain Volvo's Preliminary Objections and dismiss Appellants' claims against that party.

## III. CONCLUSION

For the aforementioned reasons, this Court respectfully requests that the instant appeal be denied.

BY THE COURT:

_____
J.

---

[9] "Even if we were to assume that MBUSA is at home in California, and further to assume MBUSA's [California] contacts are imputable to Daimler, there would still be no basis to subject Daimler to general jurisdiction in California, for Daimler's slim contacts with the State hardly render it at home there."

6