J-A02002-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMES A. COGLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SELECT PORTFOLIO SERVICING, A/K/A | : | No. 941 WDA 2025 |
| SPS; US BANK, NA | : | |

Appeal from the Order Entered April 3, 2025
In the Court of Common Pleas of Butler County
Civil Division at No:  A.D. 2021-10481

BEFORE:  STABILE, J., MURRAY, J., and BECK, J.

MEMORANDUM BY STABILE, J.:                **FILED: May 5, 2026**

Appellant, James A. Cogley, appeals *pro se* from the April 3, 2024, order sustaining the preliminary objections of Appellees, Select Portfolio Servicing and US Bank, NA, dismissing Appellant's second amended complaint with prejudice.  We affirm.

The record reveals that Appellees foreclosed on Cogley's property (the "Property") in Butler, Pennsylvania and it was the successful bidder at the resulting sheriff's sale.  The Butler County Sherrif's deed was recorded on January 14, 2019.  On February 1, 2019, Appellees filed an Ejectment Action (the "Ejectment Action") against Appellant.  Shortly thereafter, on February 25, 2019, the Township of Butler issued a condemnation notice for the Property.  Appellant filed a motion to stay the Ejectment Action on March 5, 2019, followed by preliminary objections to the Ejectment Action on March 11,

2019. On March 25, 2019, the trial court entered an order in the Ejectment Action directing that Appellant be allowed access to the Property to retrieve any personal property remaining there.[1] On June 4, 2019, however, the trial court issued an order dismissing the Ejectment Action as moot, reasoning that Appellant had been out of possession of the Property and was prohibited from accessing the Property because of the Township's issuance of the February 5, 2019, condemnation notice. The June 4, 2019, order was not appealed.

Appellant, proceeding *pro se*, commenced the instant action with a writ of summons on July 12, 2021, followed by a complaint on July 1, 2022. After several rounds of preliminary objections, Appellant filed his second amended complaint on June 1, 2023. The second amended complaint alleged causes of action for "negligence/gross negligence" and a violation of 68 Pa.C.S.A. § 2307. Appellant alleges that Appellees, in concert with local police, changed the locks at the Property and denied him access despite the March 25, 2019, order in the Ejectment Action granting him access. Second Amended Complaint, 6/1/23, at ¶ 5. Appellant further alleges that, some time prior to August 1, 2019, Appellees disposed of Appellant's personal property that

---

[1] We pause here to note a point of confusion. "Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, **against a defendant who has actual possession**." *Siskos v. Britz*, 790 A.2d 1000, 1006 (Pa. 2002) (emphasis added). Given this, we are puzzled by the need for the Ejectment Action in light of the court's March 25, 2019, order granting Appellant access to the Property from which Appellees sought to eject him.

remained at the Property, including a vehicle, clothing, furniture, appliances, tools, keepsakes, jewelry, business records, electronics, computers, and the cremated remains of Appellant's fiancée and grandfather. *Id.* at ¶ 6, 8. Appellant seeks $400,000.00 in compensatory damages and $5 million in punitive damages on his statutory and tort claims against Appellees.

Appellees filed preliminary objections to the second amended complaint on September 7, 2023. Appellees asserted, among other things, that Appellant's complaint was legally insufficient, as per Pa.R.Civ.P. 1028(a)(4). Appellant filed his opposition to the preliminary objections on March 25, 2024, and the trial court scheduled a hearing for April 3, 2024. Appellant failed to appear at the hearing. The trial court sustained Appellees' preliminary objections at the conclusion of the April 3, 2024, hearing and dismissed Appellant's claims against Appellees with prejudice, but Appellant's action against other named defendants remained pending. This Court therefore quashed Appellant's appeal from the April 3, 2024, order. On July 30, 2025, Appellant discontinued his action against the last remaining named defendant other than Appellees, thus rendering the April 3, 2024, order final and appealable.

Appellant presents four questions:

1. Whether the trial court erred as a matter of law in holding that the February 25, 2019, condemnation notice extinguished Appellant's right to enter the Property and relieved Appellees of their statutory notice obligations under 68 Pa.C.S.A. § 2307, contrary to the statute's plain language and Pennsylvania appellate precedent?

- 3 -

2. Whether the trial court violated Appellant's due process rights under the United States and Pennsylvania Constitutions by issuing a March 25, 2019 order permitting retrieval of personal property and staying proceedings [in the Ejectment Action] until July 1, 2019, then issuing a contradictory June 4, 2019 possession order, thereby depriving Appellant of a meaningful opportunity to recover his property and notice of its disposal?

3. Whether the trial court misapplied Pennsylvania ejectment law by treating a judgment for possession as extinguishing all legal duties concerning Appellant's personal property, despite statutory protections under 68 Pa.C.S.A. § 2307 and established precedent distinguishing real property possession from personal property ownership?

4. Whether the trial court erred in sustaining Appellees' preliminary objections and dismissing Appellant's claims at the pleading stage, where Appellant alleged facts that, if proven, establish statutory violations, interference with retrieval efforts, and deprivation of due process, and where dismissal prevented factual development of a viable legal claim?

Appellant's *Pro Se* Brief at 2.

We conduct our review according to the following standard:

In reviewing a trial court's grant of preliminary objections, the standard of review is de novo and the scope of review is plenary. The salient facts are derived solely from the complaint and pursuant to that standard of review, the court accepts all well-pleaded material facts in the complaint, and all inferences reasonably deduced therefrom must be accepted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Jones v. Bd. of Dirs. of Valor Credit Union*, 169 A.3d 632, 635 (Pa. Super. 2017) (citation omitted).

In support of his appeal, Appellant relies on 68 Pa.C.S.A. § 2307, which governs post sheriff's sale disposition of the personal property of the former owner of the real property. Section 2307 applies to vacant and abandoned property that is the subject of a post-sheriff's sale possessory action. Subsection (b) governs removal of the former owner's personal property:

> **(b) Removal of personal property by purchaser.—** If the former owner fails to remove personal property from mortgaged property certified as vacant and abandoned after delivery of a sheriff's deed or a deed in lieu of foreclosure, concurrent with the filing of an action for possession or at any time after the action is filed, the purchaser may remove the remaining personal property of the former owner in the following manner:
>
> **(1)** The purchaser shall serve notice of intent to remove personal property from the mortgaged property on the owner in the manner provided under section 2306(b) (relating to effect of certification of vacancy and abandonment).

68 Pa.C.S.A. § 2307(b). The purchaser must give the former owner ten days to remove the personal property, after which the purchase may remove and dispose of it. *Id.*

In his second amended complaint, Appellant alleges that, during the pendency of the Ejectment Action, he petitioned the trial court for access to the Property to remove personal items. Second Amended Complaint, 6/1/23, at ¶ 3. The trial court granted Appellant's request, but he was prevented from gaining access by Appellees acting in tandem with local law enforcement. *Id.* at ¶¶ 5, 25-27, 30. The Property was condemned after an electrical fire in late

February of 2019, but Appellant maintains that it would have been safe for him to enter and retrieve his personalty. *Id.* at 23. Some time prior to August 1, 2019, and without giving prior notice, Appellees removed and disposed of Appellant's personal property. *Id.* at ¶ 6,14.

Here, the allegations in Appellant's second amended complaint do not entirely track with § 2307. A post-sheriff's sale possessory action regarding the Property was pending while Appellant had possessions he had yet to remove. But § 2307 applies where a municipal authority or a court has issued a certification of vacancy or abandonment. That certification process, to be performed either by a municipal code enforcement officer or in a judicial proceeding, is detailed in 68 Pa.C.S.A. §§ 2304 and 2305. Appellant does not allege that the Property has been certified as vacant or abandoned in accord with §§ 2304 and 2305. We are cognizant that a condemnation notice had been issued, but §§ 2304 and 2305 do not apply to condemnation notices. Thus, Appellant's argument that a condemnation notice does not extinguish his statutory rights under § 2307 misses the mark. Because Appellant has failed to allege that his rights under § 2307 ever attached, his cause of action thereunder was legally insufficient.

Appellant's brief also addresses his alleged deprivation of federal and state constitutional due process. Appellant argues that the trial court in the Ejectment Action issued two contradictory orders—one on March 25, 2019, granting him access to the Property, and a second on June 4, 2019, dismissing

the Ejectment Action as moot because Appellant was not permitted on the Property because of the condemnation notice. Because this is not an appeal from the Ejectment Action, the trial court's orders entered in that matter are not properly before us. Appellant did not attempt to appeal the dismissal of the Ejectment Action as an aggrieved party.

Finally, we observe that Appellant relies on **Fuentes v. Shevin**, 407 U.S. 67 (1972), for the proposition that deprivation of property without notice and an opportunity to be heard violates Due Process. The right to notice and an opportunity to be heard are bedrock principles of our legal system, but the problem for Appellant, once again, is that his due process arguments arise from § 2307, which is inapplicable here, or orders entered in the Ejectment Action, which are not before us.

For the foregoing reasons, we discern no error in the trial court's order sustaining Appellees' preliminary objections. We therefore affirm the order on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

5/5/2026