485 A.2d 11

**Jacqueline Victoria CLINGERMAN, Executrix, of the Estate of Anna M. Sadowski, Deceased, Appellant,**

**v.**

**William B. SADOWSKI.**

Superior Court of Pennsylvania.

Argued July 10, 1984.

Filed Oct. 26, 1984.

Reargument Denied Jan. 8, 1985.

Petition for Allowance of Appeal Granted June 24, 1985.

516

Bernard S. Shire, Monessen, for appellant.

Ernest P. Dehaas, III, Uniontown, for appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

HESTER, Judge:

On October 14, 1981, appellant's decedent, Anna M. Sadowski, filed a Complaint in Equity against appellee, William D. Sadowski, in the Court of Common Pleas of Fayette County, Pennsylvania. In September, 1980, following forty-four years of marriage, the decedent and appellee separated. During their years together, Mr. and Mrs. Sadowski had accumulated considerable wealth generated by several successful business ventures. Mrs. Sadowski's equity action was instituted for the preservation and equal division of all assets held as entireties' property.

First, Mrs. Sadowski complained that appellee removed $326,000.00 from their joint account at Gallatin National Bank and placed the money with an unknown financial institution in an account registered in his name alone. Thereafter, appellee allegedly made substantial withdrawals, using the funds exclusively for his benefit. According to Mrs. Sadowski, this was done without her knowledge.

Secondly, Mrs. Sadowski averred that appellee had liquidated most of their model train collection having an approximate value of $500,000.00. The funds realized from the sale had been allegedly secreted into a private account for appellee's sole use and benefit while the whereabouts of the unsold trains had been withheld from Mrs. Sadowski.

As a result, Mrs. Sadowski requested the lower court to order appellee to account for all funds transferred from joint bank accounts or certificates of deposit, funds realized

from the sale of their model trains, unsold trains removed from the marital residence, and any and all cash, coins, art, furniture and furnishings which had been removed from the home. Additionally, Mrs. Sadowski sought a permanent injunction to restrain appellee from further dissipation of joint assets. Finally, she sought an equal division of all funds transferred, used or converted by appellee along with all other jointly-owned property.

Anna M. Sadowski died on May 16, 1982, thereby precipitating the appointment of her daughter, Jacqueline Victoria Clingerman, the executrix of her estate, as party plaintiff below and appellant herein. Appellee filed an answer, new matter, and counterclaim to appellant's complaint. In new matter, appellee requested a dismissal of the complaint on grounds that Mrs. Sadowski's death resulted in the passing of all disputed property to him as surviving spouse. Appellee's counterclaim concerned Mrs. Sadowski's alleged refusal to timely approve the sale of their lumber company and realty company to Tri-State Pallet and Repair, Inc. Mrs. Sadowski's delay in approving the sale allegedly resulted in a loss of $500,000.00 in sale proceeds.

Appellant filed preliminary objections to appellee's answer, new matter and counterclaim in the nature of a motion to strike off the pleading. Pursuant to said preliminary objections, a hearing was conducted which resulted in the striking of appellee's counterclaim.

Thereafter, appellee filed a motion for judgment on the pleadings on grounds that Mrs. Sadowski's death caused the passage of all disputed property solely to him by operation of law. By order dated December 28, 1982, said motion was granted, and appellant's action was dismissed with prejudice. This appeal followed.

■ The primary issue presented for review is whether the death of a spouse, who had commenced an equity action for the preservation and equal division of entireties' property, results in the abatement of said action and the passing to the surviving spouse/defendant of unrestricted title to

the property. We hold that it does not and, accordingly, we vacate the disposition of the court below and remand for further proceedings.

■ A husband and wife who hold title to property by the entireties are each seized of the whole and not of the part. William F. Walsh, *Commentaries on the Law of Real Property*, vol. 2, § 121 (1947). This maxim arises from the common law theory that a marriage creates a unified holding of property whereby neither spouse maintains an individual interest in entireties property. Instead, both spouses share possession and all rights and enjoyment arising therefrom. *Treatise on Modern Law of Real Property and Other Interests in Land*, § 290, p. 290 (1940).

■ Having its roots in the marital relationship, the unity of title precludes the termination of a tenancy by the entireties except in the rarest occurrences. Termination occurred only upon the death of one spouse, legal divorce or agreement between spouses.

■ While both parties live as husband and wife, termination of an entireties estate occurs, therefore, only by their joint acts. This is not restricted, however, to conventional agreements which spouses enter between themselves or join as sellers of entireties property to some third person. A legal fiction was created for those instances where one spouse misappropriates entireties property for his exclusive benefit without the approval of the other spouse, thereby compelling the other spouse to apply for equitable sanctions. The misappropriation is an offer to sever the estate while the excluded spouse's equity action is the equivalent of an acceptance. *Vento v. Vento*, 256 Pa.Super. 91, 389 A.2d 615 (1978); *Stemniski v. Stemniski*, 403 Pa. 38, 169 A.2d 51 (1961).

■ The power to withdraw funds from an entireties' bank account must be utilized for the mutual benefit of both spouses; it is not rightly exercised where funds are withdrawn for the exclusive use of one spouse and to the detriment of the other. *Berhalter v. Berhalter*, 315 Pa.

225, 173 A. 172 (1934). In *Damirgian v. Damirgian,* 262 Pa.Super. 463, 396 A.2d 1263 (1978), the plaintiff-wife instituted an equity proceeding to acquire an accounting and equal division of funds withdrawn by her husband from entireties savings accounts and certificates. Having concluded that the appropriated funds were not spent for the mutual benefit of the parties, the court first acknowledged the termination of the entireties' estate when the wife "accepted" her husband's "offer" through her act of commencing suit. Thereafter, the *Damirgian* court held entireties' property ripe for accounting and division.

■ It must be noted that appellee's misappropriation of funds from the bank account and realized from the sale of trains was simply an allegation set forth in appellant's complaint. With judgment on the pleadings having been entered on account of Mrs. Sadowski's death and without any determination of the merits, it is premature to hold that the entireties estate has terminated. Whether appellee misappropriated the funds thereby having extended his offer to terminate, can only be determined following trial. Consequently, there was no known offer which appellant could accept by instituting suit.

Whether death of one joint tenant following the institution of suit terminated a joint tenancy was raised in *Sheridan v. Lucey,* 395 Pa. 306, 149 A.2d 444 (1959), an opinion relied on by the lower court. One of three joint tenants of real estate filed a partition action; however, the plaintiff-joint tenant died prior to trial. Holding that title vested in the surviving joint tenants, the *Sheridan* court determined that severance had not occurred. Inasmuch as the plaintiff may have discontinued the partition action and thereby preserved the joint tenancy, the commencement of suit was a request to sever with actual severance not possible prior to a decree for partition. The *Sheridan* court expressed this view accordingly:

> We believe that the pendency of a partition proceeding, before the issues have been formulated, is such a premature act that the complainant has an election to continue

the proceedings to judgment, thus affecting a severance of the joint estate or discontinuing the action and leaving the joint tenancy in status quo. It therefore becomes apparent that the death of the complainant does not work an election but leaves the parties where they were at the time of his death, i.e., vested with a joint tenancy whereby the remaining or surviving tenant, by operation of law, obtains the deceased tenant's interest.

*Id.*, 395 Pa. at 309, 149 A.2d at 446. We agree with *Sheridan* to the extent that it is premature to find the entireties estate terminated by the commencement of the equity action by appellant's decedent. It is similarly premature, however, to hold that the disputed property passed solely to appellee upon Mrs. Sadowski's death. Accordingly, we will not proceed as far as *Sheridan* in holding appellee unconditionally entitled to all disputed property.

We carefully note that our disposition here is not inconsistent with *Sheridan*. Inasmuch as a joint tenant is empowered to unilaterally terminate a joint tenancy, misappropriation by the other tenants is not an issue. Consequently, there is no need to move litigation to a conclusion following the death of the plaintiff/joint tenant.

In contrast, termination of a tenancy by the entireties depends in situations sub judice upon the wrongdoing of one tenant; therefore, it would promote injustice to abate proceedings upon the death of the innocent tenant with a potentially miscreant tenant taking unrestricted title.

■ The more sound and equitable approach is to permit the deceased tenant's personal representative to proceed as plaintiff and prosecute the equity action until the issue of misappropriation of funds is decided. Should it be determined that appellee misappropriated funds for his exclusive benefit, the entireties estate is terminated and an accounting, division or other appropriate relief should be ordered. Should no misappropriation be found, an agreement to terminate is precluded by the absence of an offer. In that event, all entireties' property would pass to appellee as surviving spouse.

Order vacated and remanded for proceedings not inconsistent with this opinion. Jurisdiction relinquished.