# Button v. Button

*Gregory P. Sesler*, for plaintiff.
*Donald W. Grieshober*, for defendant.

LEVIN, J., January 6, 1987—This matter is before the court on preliminary objections filed by defendant, Geraldine Button. A divorce action was filed by Wayne H. Button against Geraldine Button on May 6, 1986, at docket no. 1761-A-1986. On July 19, 1986, Wayne H. Button died in a nursing home. Plaintiffs in the instant case are the children of Wayne H. Button. Plaintiffs' complaint alleged that July 18, 1986, was the first time that Wayne H. Button first became aware of the fact his wife had misappropriated and/or converted all of their joint funds. No suit was ever filed for partition by Wayne H. Button prior to his death. The present complaint was filed on November 14, 1986. Preliminary objections in the nature of a demurrer were filed by defendant to both counts of plaintiffs' complaint. Plaintiffs in their complaint alleged two different causes of action. Plaintiffs first alleged that by virtue of defendant appropriating and/or converting the jointly held funds, there was an automatic partition of the joint account. In count II of the complaint,

plaintiffs alleged that a 1984 AMC Eagle automobile belonged to the estate and defendant failed to commence any estate action with regard to said vehicle.

The two issues before the court are as follows:

(1) Does the court of common pleas have jurisdiction to order an estate raised for a motor vehicle that may be owned by the deceased?

(2) Assuming defendant misappropriated and/or converted the jointly held accounts in her name and in the name of her deceased husband into her own account, and assuming further that the deceased husband found out about said misappropriation one day before his death but filed no suit on same, would this constitute an automatic partition which would enable the heirs of the deceased husband to have included in the estate a portion of those funds arising from said joint accounts?

The first issue is easily and readily disposed. This court has no jurisdiction under any theory of law to order an estate be raised in the orphans' court division for the administration of an estate which would include a motor vehicle. Therefore, the demurrer to count II of plaintiff's complaint must be sustained.

A much more serious question is raised as to the second issue. The law as it applies to this particular question first was enunciated in the case of *Edward Shepard Vento v. Frank J. Vento*, 256 Pa. Super. 91, 389 A.2d 614 (1978). In that case, the court in a landmark decision ruled that where property held by the entireties has been converted by one of the tenants to his or her own use, an offer to partition has been made to the other tenant. There is no question that tenants by the entireties have power to withdraw funds individually; nevertheless, it must be done in good faith and for the benefit of the joint owners. If this is not done in good faith and for the benefit of joint owners, such action could con-

stitute an offer to sever the joint account. If this occurs, this offer must then be accepted before there could be a partition. The next obvious question is how may said offer be accepted. In *Sadowski Estate v. Sadowski,* 37 D.&C.3d 267 (1982), the court stated there could only be an acceptance of the offer to partition where there was a final adjudication of the partition proceeding. In *Clingerman v. Sadowski,* 335 Pa. Super. 514, 485 A.2d 11 (1984), the appellate court realized the folly of that position. In the aforementioned case, the court stated that the only action required to accept an offer of partition in this type of factual situation would be an act of filing suit for partition. The institution of such action would constitute an acceptance by the person whose funds had been appropriated.

Applying that law to the present factual situation, since no suit was filed by decedent prior to his death, the court reaches an inescapable conclusion that the offer to partition by defendant had not been accepted. In so doing, the court realizes and appreciates the terrible inequity of this ruling as it would apply to the present plaintiffs. It is grossly unfair that a person who has just acquired knowledge of a misappropriation of funds by a joint tenant is unable to claim there was a partition, because he died virtually immediately after learning of this act. The court is also aware that the appellate courts of Pennsylvania seem to be in a state of flux in these cases. The appellate courts are requiring less affirmative action to accept an offer of partition. It is conceivable to this court that an appellate court in the future could easily carve out another exception to the rule enunciated in *Clingerman,* supra, to take care of the inequity of the present factual situation.[1] However,

---

1. Hopefully, an appellate court would follow the statement of the famous jurist Learned Hand: "Right knows no bound-

until an appellate court sees fit to do so, this court is constrained by judicial mandates to follow the pronouncements of *Clingerman,* supra. Therefore, the demurrer to the first count is sustained.

## ORDER

And now, this January 6, 1987, it is hereby ordered, adjudged, and decreed that the preliminary objections in the nature of a demurrer are sustained for the reasons stated in the opinion attached hereto.

---

aries and justice no frontiers." Taken from *The Great Thoughts,* compiled by George Seldes; at page 174. Published by Ballantine Books, New York (1985).