548 A.2d 316

**Donald W. BUTTON and John N. Button, Appellants,**

**v.**

**Geraldine BUTTON.**

Superior Court of Pennsylvania.

Argued Aug. 16, 1988.

Filed Sept. 29, 1988.

144

Gregory P. Sesler, Erie, for appellants.

Donald W. Grieshober, Erie, for appellee.

Before CAVANAUGH, JOHNSON and HOFFMAN, JJ.

JOHNSON, Judge:

On this appeal, we are asked to reconsider the rule regarding the partition of property held as tenants by the entireties, as first set forth in *Vento v. Vento*, 256 Pa.Super. 91, 389 A.2d 615 (1978), and as later extended in *Clingerman v. Sadowski*, 335 Pa.Super. 514, 485 A.2d 11 (1984). Appellants urge us to further extend the rule to permit the estate of a deceased spouse to accept a constructive offer for the severance of joint property, based upon egregious circumstances.

Because we find that appellants have been barred by the doctrine of *res judicata* from further pursuing their claim for relief, we decline to review the state of the law since *Vento* in this area, and affirm the trial court's order sustaining preliminary objections.

Donald W. Button and John N. Button, the sons of Wayne H. Button, deceased, (Sons), filed the present action in the Erie County Court of Common Pleas at No. 2123–A–1987 on June 2, 1987. The complaint seeks an accounting of the assets of Geraldine Button, the Sons' stepmother, an assignment of funds to the estate of the deceased father, an injunction against the stepmother preventing dissipation of alleged estate assets, and an order compelling the administration of the deceased father's estate.

On June 22, 1987, preliminary objections were filed on behalf of the defendant stepmother, including a demurrer, as authorized by Pa.R.C.P. 1017(b)(4). The preliminary objections also contain, in Paragraph 4, a claim of *res judicata*, based upon an alleged prior action at Erie County Court of Common Pleas No. 89–Equity–1986.

█ Of course, *res judicata* must be raised as new matter, Pa.R.C.P. 1030, and may not be raised in preliminary objections. Pa.R.C.P. 1017(b). *Callery v. Blythe Township Municipal Authority*, 432 Pa. 307, 243 A.2d 385 (1968). This applies to actions in equity. Pa.R.C.P. 1501.

█ Rather than file a preliminary objection to Paragraph 4 of defendant's preliminary objection, the Sons filed an "Answer", setting forth uncertified allegations of fact concerning the earlier adjudication at No. 89–Equity–1986. By so doing, the Sons waived the right to object to the defendant stepmother's form of pleading. *Duquesne Slag Products Company v. Lench*, 490 Pa. 102, 105, 415 A.2d 53, 54 (1980).

█ We begin our analysis by emphasizing that an appellate court may consider only facts which have been duly certified in the records on appeal. *Commonwealth v. Young*, 456 Pa. 102, 115, 317 A.2d 258, 264 (1974). Pa.R. A.P. 1921. In order to expedite disposition of this appeal, we requested, and received, the certified record from the first case, *Button v. Button*, No. 89–Equity–1986.

█ For the defense of *res judicata* to prevail, it is necessary that between the previous action and the present

action there be identity in the thing sued on, identity of the cause of action, identity of the persons and parties to the action, and identity of the quality or capacity of the parties suing or sued. *Duquesne Slag Products, supra* 490 Pa. at 105, 415 A.2d at 55. Moreover, there must be finality to the judgment rendered in the first case. While an order sustaining preliminary objections *and* dismissing a party as defendant *or* dismissing the complaint may become *res judicata* upon exhaustion or expiration of appeal, *U.S. National Bank in Johnstown v. Johnson,* 506 Pa. 622, 629, 487 A.2d 809, 813 (1985) a decree which merely sustains the preliminary objections without dismissing the complaint is interlocutory and is not *res judicata* as to like issues subsequently raised in proceedings between the parties. *Ahrens v. Goldstein,* 376 Pa. 114, 121, 102 A.2d 164, 167 (1954).

Our examination of the original records in Erie County cases No. 89–Equity–1986 and No. 2123–A–1987 satisfies us that the necessary identities for the application of the doctrine of *res judicata* are, in fact, present. The prayers for relief in both cases are identical, seeking an accounting, assignment of funds to the decedent's estate, an injunction to prevent the defendant from disposing of any of the decedent's assets, and an order compelling administration of the decedent's estate. The plaintiffs and the defendant are identical in both actions, both as to the names and as to the capacity in which the parties sue or were sued.

■ Although the second cause of action incorporates a second count, alleging the existence of a 1984 AMC Eagle automobile, we do not find that this in any way enlarges either the thing sued upon, that is, the decedent's estate, nor the cause of action. In both actions, the Sons seek to recover what they allege to be the rightful property of their deceased father.

■ Having found the necessary identities as to the thing sued on, the cause of action, and the parties to the action as required by *Duquesne Slag Products,* there remains the issue of the finality of judgment in the first case, at No.

89–Equity–1986. There, the trial court sustained the preliminary objections on January 6, 1987. The Sons then filed a Motion for Post–Trial Relief. Without approving the propriety of the attempted filing of a post-trial motion following an order sustaining preliminary objections, we note that the motion was denied on January 29, 1987.

Thereafter, the Sons filed a Notice of Appeal on February 6, 1987, and a Praecipe for Judgment (against themselves) on February 9, 1987. The official docket entries are clear that judgment was entered, by the Prothonotary, in favor of the defendant, and against the plaintiffs, the Sons, on February 9, 1987.

Our review of the proceedings thereafter in this court compels a conclusion that the judgment entered on February 9, 1987 is, in fact, final. A Motion to Quash Appeal was filed at Superior Court docket No. 232 Pittsburgh, 1987 on March 10, 1987 alleging, inter alia, that the appeal from the order entered January 6, 1987 was untimely. Before the motion was decided, appellants filed a Voluntary Discontinuance of the appeal, thereby rendering both the order of January 6, 1987 and the judgment entered in favor of the defendant on February 9, 1987 final.

Although we recognized, above, that a decree which merely sustains the preliminary objections without dismissing the complaint is interlocutory, see Ahrens v. Goldstein, supra, we are here faced with a situation where the parties against whom the objections were sustained proceeded to have judgment entered at, or near, the time when the appeal was taken and against themselves. We have no difficulty, therefore, in accepting the subsequent voluntary withdrawal of the appeal at No. 232 Pittsburgh 1987 as finally terminating the action filed at No. 89–Equity–1986 along with the cause of action and the thing sued on therein.

Since we conclude that the most distinguished trial judge, the Honorable George Levin, correctly ruled that appellants' second suit was barred by the doctrine of res judicata, we must leave for another day the review and reconsid-

eration of the rule concerning partition of property held by the entireties.

The order of December 3, 1987 sustaining preliminary objections is affirmed.