## Beneficial Consumer Discount Company v. DiGregorio

C.P. of Mercer County, no. 2005-3851.

*Nancy C. Wilkins* and *Cathy Ann Chromulak,* for plaintiff.

*Raymond P. Bartholomew,* for defendants.

FORNELLI, *P.J.,* April 4, 2006—This matter is before the court for disposition of defendants' claims for exemption under 42 Pa.C.S. §8121. Beneficial Consumer Discount Company (plaintiff) obtained a default judgment against Joseph A. DiGregorio and Margie E. DiGregorio (defendants) in the amount of $9,763.15 and began execution procedures. Each defendant seeks to claim the statutory exemption of $300 allowed by the Judicial Code. See 42 Pa.C.S. §8123.

The issue before the court is whether defendants, a married couple, are entitled to claim only one $300 exemption or whether each person is entitled to claim the $300 exemption against their property held as tenants by the entireties. No appellate court in Pennsylvania has

addressed this precise issue. Plaintiff has submitted the York County Court of Common Pleas case of *Waltz v. Zimmerman,* 38 D.&C.3d 211 (1985), wherein the court determined that a tenancy by the entireties is only entitled to one statutory exemption. Defendants submitted a decision of the Lycoming County Court of Common Pleas in which the court ruled that each, the husband and wife, in a tenancy by the entireties is entitled to claim the $300 statutory exemption. *Williamsport National Bank v. Allen,* 2 D.&C.4th 435 (1989). See also, 13 Standard Pennsylvania Practice 2d §74:12; Mathieu, *Debt Collection in Pennsylvania* §6.18.

This court holds that a husband and wife may each claim a $300 exemption. Here, plaintiff has obtained a default judgment against both husband and wife. Each defendant is jointly and severally liable for the debt. Thus, the judgment creditor has the option of executing against any property owned by either defendant, as well as any property owned by them jointly.

This court's holding is consistent with the common-law concept of tenancy by the entireties. A tenancy by the entireties is a unique form of co-ownership of property. It exists when property is held jointly by a husband and wife. The tenancy is based upon the concept of marriage as an indivisible unit. *Clingerman v. Sadowski,* 335 Pa. Super. 514, 519, 485 A.2d 11, 14 (1984), *aff'd,* 513 Pa. 179, 519 A.2d 378 (1986). A husband and wife who hold title to property by the entireties are each seized of the whole and not of a divisible part; "per tout et non per my."[1] *Maxwell v. Saylor,* 359 Pa. 94, 96, 58 A.2d 355,

---

1. By the whole and not by the half. 7 Black's Law Dictionary 1165.

356 (1948). It requires two entities, *i.e.,* two people, to constitute the tenancy by the entireties. Each are legally necessary prerequisites to the formation of a tenancy by the entirety and thus each is an entity whose exemption rights should be legally recognized. The exemption of section 8123 is applicable against all property of a judgment debtor. In a tenancy by the entireties, each owns an undivided, indivisible property right in the whole. Each may apply their exemption to that property right.

Since plaintiff has the option of executing against any and all property held by either or both defendants, defendants should each have the right to claim a $300 statutory exemption. To hold otherwise would penalize defendants for being married. If plaintiff obtained a default judgment against two unmarried parties, the parties would each be able to claim the $300 statutory exemption against jointly owned property. There is no reason to deprive each defendant of the right to claim this exemption simply because they are married and hold the property jointly.

Hence, this order.

## ORDER

And now, April 4, 2006, the claim for the $300 statutory exemption is granted as to each defendant. The stay entered by this court on March 28, 2006, is lifted.