J-S30006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JEFFREY JARRETT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEWTOWN ATHLETIC CENTER AND | : | No. 263 EDA 2019 |
| NEWTOWN ATHLETIC CLUB, LLC | : | |
| AND NEWTOWN ATHLETIC CLUB | : | |
| AND NEWTOWN RACQUETBALL, | : | |
| INC., AND NEWTOWN RACQUETBALL | : | |
| ASSOCIATES | : | |

Appeal from the Order Entered January 8, 2019
In the Court of Common Pleas of Bucks County
Civil Division at No(s):  2018-03224-0

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:          **FILED OCTOBER 16, 2019**

Jeffrey Jarrett appeals from the order sustaining one of the preliminary objections filed by Newtown Racquetball Inc., d/b/a Newtown Athletic Club et al. (collectively "Appellees") and dismissing Jarrett's complaint with prejudice.[1]  After review, we affirm.

---

[1] Pursuant to our Rules of Appellate Procedure, the "date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.[R.C.P.] 236(b)."  Pa.R.A.P. 108(b).  Here, while the trial court's order is dated December 31, 2018, the operative date under this rule is January 8, 2019, as that was the date when the clerk indicated on the docket that notice had been given.

As Jarrett's complaint was dismissed on purely procedural grounds, we focus our discussion on the procedural history of this appeal. It is undisputed that Jarrett's cause of action arose on August 11, 2016, when he suffered injuries while at the Newton Athletic Club. Further, Jarrett concedes that his claim is subject to a two-year statute of limitations. *See* Appellant's Brief, at 5.

Jarrett filed his complaint on May 31, 2018. On August 28, 2018, Jarrett filed a praecipe to reinstate his complaint because service had not yet been attempted by the sheriff due to Jarrett's failure to pay the sheriff. The sheriff's department received Jarrett's reinstated complaint and payment on August 29, 2018, and effected service on Appellees on August 31, 2018.

Appellees filed preliminary objections, which, *inter alia*, argued that Jarrett's claims were time-barred due to failure to properly effectuate service before the deadline established by the statute of limitations. *See* 42 Pa.C.S.A. § 5524. The trial court sustained this objection[2] and dismissed the complaint.

_____

[2] The actual basis for the trial court's ruling is unclear from the record before us. Appellees, *inter alia*, filed a preliminary objection, pursuant to Pa.R.C.P. 1028(a)(1), contending that improper service of process occurred. However, the trial court, in its 1925(a) opinion, concluded that the preliminary objection must be sustained because it was a valid demurrer to the pleadings, pursuant to Pa.R.C.P. 1028(a)(4), and further, that the preliminary objection sounded in non-pros, rather than a statute of limitations objection.

The order sustaining the preliminary objections provides no further elucidation on the matter. This discrepancy aside, although Appellees' preliminary objection speaks in terms of improper service of process, it relies upon the

*See* Trial Court Opinion, dated 12/31/18, at 1-2.

Jarrett filed his notice of appeal, and he timely filed his concise statement of errors complained of on review. Therefore, the matter is properly before us.

On appeal, Jarrett raises two issues for our review:

1. Did Jarrett's counsel make a good faith effort to effectuate service of his complaint prior to the expiration of the applicable statute of limitations?

2. Should this matter be remanded for further proceedings including an evidentiary hearing or limited discovery as to whether or not the Appellees had actual or sufficient notice of Jarrett's complaint within the applicable statute of limitations?

*See* Appellant's Brief, at 4.

_____

statute of limitations, which is an affirmative defense not properly raised in preliminary objections. *See Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa. Super. 2004).

The "proper method for challenging the propriety of defendants' preliminary objections raising the statute of limitations is by preliminary objections to defendants' preliminary objections." *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759 (Pa. 1986); *see also Devine*, 863 A.2d at 1167 ("When a defendant raises a waivable statute of limitations *via* preliminary objections, the proper challenge is to file preliminary objections to strike the defendant's preliminary objections for failure of a pleading to conform to law or rule of court"). By filing an answer to Appellees' preliminary objections, Jarrett waived the right to object to Appellees' form of pleading. *See Button v. Button*, 548 A.2d 316, 318 (Pa. Super. 1988). Therefore, any procedural deficiency associated with Appellees' implicit assertion, via preliminary objections, that the statute of limitations has expired is cured.

Our standard of review of an order sustaining preliminary objections is well settled.

> This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Brosovic v. Nationwide Mutual Insurance*, 841 A.2d 1071, 1073 (Pa. Super. 2004) (citation omitted). "An abuse of discretion may not be found merely because [we] might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." *Hoy v. Angelone*, 720 A.2d 745, 752 (Pa. 1998) (citation omitted). "It is not an abuse of the trial court's discretion to enforce the rules of civil procedure, even when the result has a serious adverse effect on the party violating the rules[.]" *Paden v. Baker Concrete Construction*, 658 A.2d 341, 344 (Pa. 1995).

Here, the trial court concluded that two concurrent factors warranted dismissal of Jarrett's suit: 1) Jarrett failed to pay the sheriff a fee for service of his complaint; and 2) Appellees never had actual notice of the commencement of the suit until it was beyond the two-year statute of limitations for all of Jarrett's claims. *See* Trial Court Opinion, dated 12/31/18, at 4.

In his first issue, Jarrett contends that he acted in good faith and did nothing to intentionally stall or delay the judicial process, which should

- 4 -

therefore militate against dismissal of his complaint. *See* Appellant's Brief, at 12.

Jarrett filed his complaint on May 31, 2018. While our Rules of Civil Procedure require original process to be served within the Commonwealth within thirty days of the filing of the complaint, *see* Pa.R.C.P. 401(a), a complaint may be reinstated "at any time and any number of times." Pa.R.C.P. 401(b)(2). That said, while the mere filing of a complaint is sufficient to toll an applicable statute of limitations, such an action does not preserve claims in perpetuity. *See Lamp v. Heyman*, 366 A.2d 882, 885, 889 (Pa. 1976). For a complaint to remain effective, a plaintiff must "refrain[] from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id*., at 889 (footnote omitted). Further, "a plaintiff should comply with local practice as to the delivery of the [complaint] to the sheriff for service." *Id*.

"*Lamp* requires of plaintiffs a good-faith effort to effectuate notice of commencement of the action." *Farinacci v. Beaver County Industrial Development Authority*, 511 A.2d 757, 759 (Pa. 1986). "In each case, where noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." *Id*. To this end, "evidentiary determinations are required." *Id*.

Our Supreme Court has further clarified *Lamp* by specifying that it "would dismiss only those claims where plaintiffs have demonstrated an intent

to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (Pa. 2005). Moreover, "there may be situations where actual notice may not be absolutely necessary so long as prejudice did not result." *Id*., at n.20.

In *Englert v. Fazio Mechanical Services, Inc.*, we established that mere notice from a plaintiff to a putative defendant that there was a *potential* for litigation was insufficient under *McCreesh*. *See* 932 A.2d 122, 127 (Pa. Super. 2007). In that case, the plaintiffs filed a praecipe for writ of summons, and service was attempted but never effectuated. *See id*., at 126. After five months of inactivity, the plaintiffs were notified by defendants' insurance company that the statute of limitations would expire, and approximately two weeks after that notice, the statute of limitations expired prior to service being effectuated. *See id*. We concluded that an inordinate amount of time had elapsed without any effort to perfect service, actual notice of the commencement of litigation was not provided within the applicable statute of limitations, and the trial court did not abuse its discretion by granting summary judgment in favor of the defendant. *See id*., at 127-28.

As outlined above, Jarrett's counsel filed the complaint on May 31, 2018, the statute of limitations for Jarrett's claims expired on August 11, 2018, and

Jarrett actually served Appellees on August 31, 2018.[3]  Jarrett concedes that there was "a mistake in failing to ensure that the service of the complaint took place within the statute of limitations."  Appellant's Brief, at 15.  Jarrett asserts that, in June, he filed a service request that included a check for payment.  Jarrett concedes the check was never processed and speculates that it could have been a "problem with Jarrett's counsel's office, the postal service, or the Bucks County Sheriff's Department that caused the check to not be processed."  *Id*., at 16.

Jarrett further acknowledges that he was informed by the sheriff's office in July, within the statute of limitations, that no check had been received in order to effectuate service.  *See id*.  Jarrett contends that a reissued check was created, but was never sent out.  *See id*., at 17.  Jarrett identifies the death of counsel's paralegal/secretary's brother as being a factor as to why she did not send the check at that time.  *See id*.

---

[3] Jarrett argues that, had he "reinstated the complaint on the last day of the statute of limitations, August 11, 2018, Jarrett would have had 30 days from that date, or September 10, 2018 to make good service."  Appellant's Brief, at 18.  As such, "it would effectively penalize Jarrett for not waiting until the last day to file his complaint."  *Id*.  However, pursuant to *Englert*, a plaintiff is not given *carte blanche* to proceed unencumbered by a statute of limitations if he or she were to file immediately prior to the expiration of a statute of limitations; a good faith standard still applies.  *See* 932 A.2d at 124 ("Once an action is commenced by … complaint the statute of limitations is tolled *only if* the plaintiff then makes a good faith effort to effectuate service.") (emphasis added).  Therefore, Jarrett's contention fails.

Jarrett also describes the various interactions his counsel had with his counsel's paralegal/secretary regarding service and the series of communications that the paralegal/secretary apparently had with the sheriff's department. *See id*., at 16-17. Through these conversations, counsel was under the impression that service was being effectuated. *See id*.

Jarrett claims that his complaint should not have been dismissed under *McCreesh* because there was no intent to stall the judicial machinery, and Appellees have not been prejudiced. *See id*., at 19; *see also* 888 A.2d at 674. Moreover, Jarrett cites to our Rule of Civil Procedure giving the court the discretionary ability to disregard any error or defect of procedure that does not affect the substantial rights of the parties. *See* Pa.R.C.P. 126.

First, *McCreesh* couches its language under the presumption that a plaintiff has supplied a defendant with actual notice. *See* 888 A.2d at 674 ("Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice."). Jarrett claims that discussions of a future suit occurred between Jarrett and Appellee's insurance; he admits, however, no *actual notice* had been provided to Appellees prior to the August 31 service date. *See* Appellant's Brief, at 19; *see also Englert*, 932 A.2d at 127 (identifying that notice that there was a *potential* for litigation "cannot suffice" to meet the actual notice standard). Second, although the trial court was free to overlook technical deficiencies, it would strain credulity to find that

it was an abuse of its discretion to follow the dictates of our Rules of Civil Procedure.

"Whether a plaintiff acted in good faith lies within the sound discretion of the trial court." **McCreesh**, 888 A.2d at 672.

> Simple neglect or mistake in failing to fulfill the responsibility that the requirements for service are met may be sufficient to violate the good faith standard set forth in **Lamp**. It is not necessary the plaintiff's conduct be such that it constitutes some bad faith or overt attempt to delay before the rule of **Lamp** will apply.

**Bigansky v. Thomas Jefferson University Hosp.**, 658 A.2d 423, 434 (Pa. Super. 1995) (citations and quotation marks omitted).

Here, the trial court found that Jarrett could not demonstrate that he acted in good faith. The court in **Farinacci** emphasized that neglecting to pay the sheriff his fee was a sufficient basis to find that a plaintiff has stalled the legal machinery he or she has set into motion. **See** 511 A.2d at 759 (citation omitted). Although Jarrett avers that he sent a check to the sheriff's office in June, the only direct evidence of this happening is the paralegal/secretary's affidavit merely indicating that she "believed" a check was sent with the service request. Some of the text messages between the paralegal/secretary and Jarrett's counsel provide, at most, ambiguous evidence regarding this check.

It is undisputed that in July, Jarrett was notified of the failure to effect service. Therefore, Jarrett was given the opportunity to cure this defect, within

the statute of limitations, but did not avail himself of this opportunity.[4]

Nor can Jarrett establish that Appellees had actual notice of his complaint.[5] Quite simply, **McCreesh** is inapposite to Jarrett's position because this is not a case where Jarrett has committed "technical missteps," but has "satisfied the purpose of the statute of limitations by supplying a defendant with actual notice." 888 A.2d at 674. Instead, the most analogous case to the case at hand is the **Farinacci** decision which, like here, affirmed an order sustaining defendants' preliminary objections. 511 A.2d at 758, 760 (identifying that, while "plaintiffs' counsel intended to immediately instruct and pay the sheriff for service, he misplaced the file" and did not pay the sheriff until after the statute of limitations had expired; thus, inadvertence could not substantiate a good-faith finding).

In his second issue, Jarrett contends that the trial court should have conducted an evidentiary hearing, required the parties to take depositions, or

_____

[4] Paralleling the trial court's sentiment, we sympathize with the loss of the secretary/paralegal's brother. Ultimately, however, it is Jarrett's counsel who is responsible for whether Jarrett has demonstrated a good faith effort to effectuate service. Well over a month passed between counsel learning that the sheriff's office never received a check and the time when a check was actually provided to that office. While Jarrett's counsel seemingly relied upon his secretary/paralegal to send a check to the sheriff's office, that does not excuse him from verifying that action had been taken. Further, the text messages provided indicate that Jarrett's counsel did not know where the case file was in this matter as of the end of August 2018.

[5] While the **McCreesh** opinion indicates that there may be an exception to the actual notice requirement so long as prejudice did not result, our Supreme Court chose not to delineate such an exception. **See** 888 A.2d at 674 n.20.

exchange interrogatories, which would have provided enough of a record to demonstrate either more support for his good faith contention or that actual notice had been provided to Appellees. It is undisputed that Appellees requested oral argument on the preliminary objections that they had filed, but Jarrett did not do the same.

A claim is waived if it is raised for the first time in a Pa.R.A.P. 1925(b) statement. *See Commonwealth v. Coleman*, 19 A.3d 1111, 1118 (Pa. Super. 2011). There is nothing of record indicating that Jarrett requested oral argument, a hearing on the preliminary objections, or his need to take depositions or interrogatories to resolve apparent issues of material facts. Accordingly, this issue is waived.

Even if his claim was not waived, we would conclude this claim merits no relief. Other than providing mere speculation through the positing of various questions, Jarrett does not identify any material facts that he would have presented that are not already apparent from the pleadings and that could lead to a different result. All of the hypothetical questions asserted by Jarrett all premise themselves on the understanding that a lawsuit had yet to be filed, which as stated above is insufficient to demonstrate actual notice. *See* Appellant's Brief, at 26-27 (asking, in one instance, if the Appellees' adjuster communicated orally or in writing with the Appellees to advise a lawsuit was coming).

Conversely, the record remains clear that Jarrett *did not provide actual notice* to Appellees prior to the expiration of the statute of limitations**.** Even in the one or two questions arguably not predicated on a forthcoming lawsuit, Jarrett appears to shift the burden on the Appellees themselves to ascertain whether a complaint has been filed against them. **See id**., at 26 ("Did the adjuster begin to monitor the dockets in Bucks County prior to the expiration of the Statute of Limitations?"). We are aware of no cases establishing the proposition that actual notice can be found where a plaintiff has simply filed a complaint, and, in fact, conclude that such a holding would be discordant with existing case law. **See, e.g.**, **Englert**, 922 A.2d at 127 (requiring a plaintiff to *provide* actual notice, establishing some semblance of proactivity beyond that of merely filing the complaint).

Accordingly, while there does not appear to have been any intentional conduct leading to the delay of service on Appellees, under our binding precedent, simple mistake or neglect are enough to conclude that Jarrett has engaged in a course of conduct that stalled the legal process. Accordingly, the trial court did not err or abuse its discretion when it sustained the Appellees' preliminary objection that dismissed the complaint with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/19